UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROBERT BURNS | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 2:12-CV-0034 |
| | ) | |
| JOHN BUNCICH, et al. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## OPINION AND ORDER

Pro se plaintiff Robert Burns ("Burns") filed an Amended Complaint on September 16, 2014 suing two chaplains at the Lake County Jail alleging they denied and interfered with his right to communal worship as a Jehovah's Witness. After no responsive pleading was filed by the Defendants, Burns filed a "Motion for Default Judgment" [DE 3]without first seeking a Clerk's entry of default as required by Fed.R.Civ.P. 55.

Rule 55 establishes a two-step process for obtaining a default judgment. First, a party must successfully request the Clerk of Court to enter the other party's default. Fed.R.Civ.P. 55(a). Second, after receiving the Clerk's entry of default, the party must submit a motion for default judgment to the court. Fed.R.Civ.P. 55(b). If the plaintiff's claim is for a sum certain, the clerk will enter default judgment, but if damages are uncertain or other relief is sought, the plaintiff must apply to the court for default judgment. Fed.R.Civ.P. 55(b)(2). Failure to comply with step one, negates the opportunity to prevail on step two without first having the plaintiff comply with the requirement that a Clerk's Entry of Default be obtained. Thus, in this case, Burns' motion for a default judgment is not proper since he did not first apply and receive a Clerk's entry of default pursuant to

1

Fed.R.Civ.P. 55(a).

That said, it appears that Burns's Motion for Default Judgment would not be well-taken in any event. To avoid a default entry under Rule 55(c), defendants here must demonstrate: "(1) good cause for default (2) quick action to correct it and (3) meritorious defense to the plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters,* 28 F.3d 42, 45 (7th Cir. 1994); *U.S. v. DiMucci,* 879 F.2d 1488, 1495 (7th Cir. 1989); *Breuer Elec. Mfg. v. Toronado Sys. of Am.,* 687 F.2d 182, 185 (7th Cir. 1982). "The test is the same for relief under either Rule 55(c) or Rule 60(b), but is more liberally applied in the Rule 55(c) context." *DiMucci,* 879 F.2d at 1495.

Here, in response to Burn's Motion for a Default Judgment, the Defendants, who now have appeared by counsel, filed a response wherein they assert good cause for failing to respond to the Amended Complaint, namely that summons issued to Mac Mcleskey at the Lake County Jail was returned "unexecuted" by the U.S. Marshal's Office on October 10, 2014. The notation on the summons indicated that Mac McClesky was not a jail employee, but rather a volunteer and that no last known address was available. On that same date, the Marshals attempted to serve Defendant Chase at the Lake County Jail and, again were told that he is not a jail employee. The Marshals then mailed service by certified mail to a last known address but there is no indication what address that was and there is no certified mail receipt acknowledging receipt of the certified mail. Moreover, no summons or complaint for either defendant was forwarded to the Lake County Attorney's office or the Lake County Sheriff's Office. Thus, the defendants had no notice of the lawsuit until January 12, 2015, when an assistant of the Lake County Attorney's office discovered the case through a general computer search of all open cases involving Lake County. After learning of the lawsuit and that the Motion for Default Judgment had been filed, the Lake County Attorney contacted current

counsel to retain him as counsel on behalf of the defendants. On that same date, current counsel appeared on behalf of both defendants and filed an extension of time to respond to the Plaintiff's Motion for Default Judgment. These facts demonstrate both sufficient excuse for the default, i.e. lack of notice, and quick action by the defaulting parties to correct their failure to respond once they were on notice.

Moreover, the Defendants also assert that they have a meritorious defense to Burns's claims in that he failed to exhaust his administrative remedies prior to filing suit. The Seventh Circuit has often and repeatedly articulated a policy of favoring trial on the merits over default judgment. *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625 (2009). Given both the "lenient standard" for applying Rule 55(c) and the "policy of favoring trial on the merits over default judgment," there is simply no basis for granting Burns's motion, even if he had complied with all the procedural steps required by Rule 55. Accordingly, the Motion for Default Judgment is DENIED.

## **CONCLUSION**

The Motion for Default Judgment is DENIED. [DE 31]. The Defendants shall have 21 days to file a responsive pleading to the Amended Complaint.

Entered: This 9th day of April, 2015

s/ William C. Lee<br>United States District Court